■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER D. FALLON, Appellant.—Judgment unanimously reversed on the law, defendant's motion to suppress granted and indictment dismissed. Memorandum: Defendant pleaded guilty to criminal possession of a controlled substance in the seventh degree following denial of his motion to suppress evidence. The suppression hearing testimony reveals that between 8:30 P.M. and 1:00 A.M. the New York State Police conducted a surveillance of a vehicle owned by defendant while the car was parked in front of a tavern. A State Police officer had received information from an informant that defendant was going to sell the informant one ounce of cocaine through an intermediary. The officer later learned that this sale did not occur but the record is silent as to the reason. The surveilling officer also was informed by two fellow officers that the intermediary believed defendant would be at the tavern in possession of an ounce of cocaine. When defendant left the tavern a few hours after the initial drug deal was to have taken place, the surveilling officer hurriedly approached defendant and ordered him out of his car while other officers searched defendant and the car. The suppression court found that "the police who were surveilling the defendant's vehicle * * * had reasonable cause to believe he remained in possession of the drugs". We disagree.

When the police forcibly stopped defendant and prevented his car from leaving the area, defendant was effectively under arrest (see, People v Cantor, 36 NY2d 106, 111; People v Yukl, 25 NY2d 585, 589, cert denied 400 US 851; cf., People v Hicks, 68 NY2d 234, 239-240; People v Chestnut, 51 NY2d 14, 20-21, cert denied 449 US 1018). There was no probable cause to justify the arrest because there was no showing to establish the reliability of the intermediary who provided the crucial information that defendant would possess cocaine in the tavern. There was no testimony regarding the intermediary's past reliability in supplying similar information (see, Aguilar v Texas, 378 US 108), no statement by the intermediary under oath (see, People v Wheatman, 29 NY2d 337, 345), no confirmation by the police of the details of the intermediary's information (see, People v Elwell, 50 NY2d 231, 237), and no indication that the information was against the intermediary's penal interest (see, People v Comforto, 62 NY2d 725). Thus, the arrest of the defendant was unlawful because the police acted upon hearsay from an intermediary whose information did not satisfy the reliability requirement of the Aguilar-Spinelli rule (see, Aguilar v Texas, supra; Spinelli v United States, 393 US

410; *see also, People v Johnson,* 66 NY2d 398, 402-405). In the absence of such proof, the police lacked probable cause to arrest the defendant *(see, People v Elwell, supra; People v Verrecchio,* 23 NY2d 489; *People v Mingo,* 117 AD2d 353, *lv denied* 68 NY2d 772), and all evidence obtained as a result of the unlawful arrest must be suppressed *(see, Wong Sun v United States,* 371 US 471; *People v Gleeson,* 36 NY2d 462; *People v Floyd,* 26 NY2d 558).

The People's reliance on the plain view doctrine is misplaced. To justify a seizure in plain view, the discovery must be inadvertent *(Coolidge v New Hampshire,* 403 US 443). Here, it was not until police rushed to defendant's car that they saw marihuana in defendant's hand. Since the discovery was the result of illegal police conduct, the plain view doctrine is inapt *(see, People v Wilkerson,* 64 NY2d 749; *People v Boodle,* 47 NY2d 398, 402-403, *cert denied* 444 US 969).

Accordingly, defendant's motion to suppress must be granted. (Appeal from judgment of Erie County Court, McCarthy, J.—criminal possession of controlled substance, seventh degree.) Present—Dillon, P. J., Callahan, Green, Pine and Balio, JJ.