■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER FORT, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of robbery, assault and criminal possession of stolen property, defendant contends that the court erred in denying his motion to suppress evidence seized by police following his arrest. Defendant's primary contention is that the stop of the automobile in which he was riding and from which the evidence was taken was a forcible seizure which was not supported by probable cause. Assuming that the stop was not an investigatory stop but a forcible seizure which must be supported by probable cause (see, People v Brnja, 50 NY2d 366, 370-372; People v Cantor, 36 NY2d 106), we find that the stop and ensuing search of the vehicle were supported by probable cause to believe that its occupants were involved in the robbery (see, People v Brnja, supra; see also, Chambers v Maroney, 399 US 42, 44-49).

The record at the suppression hearing establishes that the victim was robbed in her backyard in a residential neighborhood in the north side of Syracuse shortly before police

responded to the scene at about 11:20 P.M. Police interviewed a neighbor, who told them that he had observed two black males running from the victim's backyard and down her driveway. Subsequently, a third police officer informed the investigating officers that, while in the neighborhood at about 11:00 P.M., the approximate time of the robbery, he had observed a blue sedan, license No. 312-UVV, slowly driving up and down the victim's street with its lights off. The car's two occupants, at least one of whom was a black male, appeared to be looking at houses. A registration check on the vehicle resulted in information that the car was registered to a woman who lived on the east side, thus revealing that the car did not belong to someone living in the area. After the broadcast of the license number over the radio, a fourth officer spotted the car and informed the investigating officers. The stop occurred within 15 to 20 minutes of the robbery and within 10 or 15 blocks of the scene. Based on the totality of the facts known to the officers concerning the vehicle's suspicious presence in the neighborhood at about the time the robbery occurred, police had probable cause to stop and search the vehicle and arrest its occupants (see, People v Brnja, supra; see also, Chambers v Maroney, supra).

We have considered defendant's remaining contention and conclude that it is without merit. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—robbery, second degree, and assault, second degree.) Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ.