■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. MILLIO, Appellant.—Judgment reversed on the law, defendant's motion to suppress granted and new trial granted. All concur, Dillon, P. J., not participating. Memorandum: In denying defendant's pretrial motion to suppress, the suppression court erroneously relied upon the "totality of the circumstances" test enunciated in *Illinois v Gates* (462 US 213) to conclude that the police had probable cause to believe that the truck defendant was operating was stolen and hence "the police seizure of the truck and examination of it to determine ownership was proper." In New York, the *Gates* "totality of the circumstances" test will not be applied, as a matter of State constitutional law, to situations involving warrantless arrests *(People v Johnson,* 66 NY2d 398; *see also, People v Bigelow,* 66 NY2d 417, 425). Applying the two-prong *Aguilar-Spinelli* test *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410), which remains the law of New York, we conclude that the People have failed to establish that there was probable cause for the warrantless search and seizure in this case.

The record reveals that the police received an anonymous tip that defendant and another man possessed a stolen truck and that the other man was supposedly armed. Further police investigation revealed only that the truck in question was registered to defendant as a 1973 model whereas the truck

defendant was driving appeared to have some features of a newer model. Based on this information, police approached defendant with guns drawn, ordered him to "hold it right there" and seized the truck he was driving to examine it further to determine whether it was, in fact, a stolen vehicle.

Since this encounter constituted a forcible seizure at its outset, it was justified only if supported by probable cause *(People v Cantor,* 36 NY2d 106, 110; *see, People v Fort,* 134 AD2d 917). Probable cause may be supplied, in whole or in part, through hearsay information, as long as it satisfies the requirements of the *Aguilar-Spinelli* test *(People v Bigelow, supra,* at 423; *People v Johnson, supra,* at 402; *People v Murray,* 131 AD2d 885, 886-887). Thus, it must be established that the informant had some "basis of knowledge" for the information he transmitted to the police and that he or his information was reliable *(People v Johnson, supra,* at 402; *People v Bigelow, supra,* at 423; *People v Landy,* 59 NY2d 369, 375; *People v Rodriguez,* 52 NY2d 483, 488-489).

In our view, the People failed to satisfy either of the requirements of the *Aguilar-Spinelli* test. The record does not contain anything with respect to the past performance of the informant nor does it indicate how the informant acquired the incriminating information he conveyed to the police. Moreover, further police investigation did not corroborate the details of the informant's statement nor did police observe any conduct suggestive of or indirectly involving criminal activity *(see, People v Bigelow, supra,* at 424; *People v Johnson, supra,* at 403). Where, as here, the facts discovered through police observations and investigations are capable of innocent interpretation or are equivocal, such facts will not supply probable cause for warrantless police conduct *(see, People v Bigelow, supra,* at 424; *People v Rodriguez, supra,* at 492). (Appeal from judgment of Supreme Court, Erie County, Ostrowski, J.—criminal possession of stolen property, first degree, and other charges.) Present—Dillon, P. J., Callahan, Denman, Pine and Lawton, JJ.