THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SANTIAGO MACHUCA, Respondent.—Order unanimously affirmed. Memorandum: The court properly granted defendant's motion to suppress tangible evidence which police seized when they stopped a vehicle in which defendant was a passenger. The court determined that, at its outset, the intrusion rose to the level of a de facto arrest for which police lacked probable cause. The record discloses that the officers blocked the suspects' car and approached it with a drawn weapon. Defendant was ordered out of the car at gunpoint. When defendant did not promptly leave the car, one of the officers unlocked and opened the car door, grabbed defendant by the shoulder and bodily removed him from the vehicle. On those facts, the conclusion is inescapable that the confrontation constituted an arrest at its inception *(Chambers v Maroney,* 399 US 42, *reh denied* 400 US 856; *People v Brnja,* 50 NY2d 366, 371-374; *People v Cantor,* 36 NY2d 106, 111-114; *People v Millio,* 142 AD2d 933, 934; *People v Fort,* 134 AD2d 917, *lv denied* 71 NY2d 968; *People v Fallon,* 134 AD2d 887; *People v Parent,* 103 AD2d 617, 618-619).

Since the encounter constituted a forcible seizure, it was justified only if supported by probable cause *(People v Hicks,* 68 NY2d 234, 239; *People v Cantor, supra,* at 110; *People v Parent, supra).* Probable cause consists of facts and circumstances within the knowledge of the arresting officers sufficient to warrant a person of reasonable caution in believing that the suspect is engaged in criminal activity or that evidence of a crime might be found in a certain place *(Brinegar v United States,* 338 US 160, 175-176, *reh denied* 338 US 839; *People v Bigelow,* 66 NY2d 417, 423). Here, there was nothing by way of information or observation to give rise to probable cause to believe that the suspects were in possession of a gun or drugs. Thus, the officers lacked authority to seize the suspects. The illegality of the officers' conduct at the outset of the encounter tainted the subsequent search of defendant's person and vitiated the driver's consent to the search of the

vehicle. (Appeal from order of Oneida County Court, Clary, J. —suppress evidence.) Present—Callahan, J. P., Denman, Pine, Balio and Davis, JJ.