■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINIC J. DIFALCO, Appellant.—Judgment affirmed. Memorandum: Defendant was convicted, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06) after the police, acting on information supplied by an informant, stopped the automobile defendant was driving and seized a quantity of cocaine therein. On appeal, defendant contends that the police lacked probable cause to stop his automobile because the reliability of the informant was not established. Defendant does not contest the "basis of knowledge" prong of the *Aguilar-Spinelli* test *(see, Aguilar v Texas*, 378 US 108; *Spinelli v United States*, 393 US 410), since the information was based on the informant's personal knowledge. Defendant argues, however, that the "reliability" prong remained unsatisfied. We disagree.

Reliability of the informant may be established by the "personal observation by the police of sufficient details corroborative of the informant's data to indicate that he knew whereof he spoke" *(People v Elwell,* 50 NY2d 231, 237; *see also, People v Johnson,* 66 NY2d 398, 403; *People v Rodriguez,* 52 NY2d 483, 489; *People v Fallon,* 134 AD2d 887). Reliability "can be corroborated by details concerning dress, mannerisms, route or conveyance to be used by the subject of the information, which in themselves are wholly unsuggestive of crime" *(People v Elwell, supra,* at 237). Here, the police were able to corroborate the details of the informant's statement as to the year, make and model of the vehicle which would be used to pick up the cocaine he had purchased, the specified route of the vehicle, and the elapsed time of the trip to Rochester to pick up the drugs. Thus, in our view, the informant's reliability was established by the details of the informant's story as confirmed by police observation *(People v Elwell, supra; People v Rodriguez, supra; People v Alaimo,* 34 NY2d 187).

All concur, except Green and Pine, JJ., who dissent and vote to reverse and dismiss the indictment, in the following Memorandum.

Green and Pine, JJ. (dissenting). We must dissent. We do not subscribe to the majority view that the car defendant was driving was stopped based upon probable cause. The People did not establish that the informant was reliable as they must under the *Aguilar-Spinelli* test and *People v Hendricks* (25 NY2d 129, 133). The majority, relying on dicta in *People v Elwell* (50 NY2d 231, 237), holds that the reliability of the informant was established by police observation corroborating the details of the informant's information concerning the vehicle, route and elapsed time of defendant's trip to Rochester.

The fact that the car the informant described was observed travelling east toward Rochester and then, after a significant interval of time, again seen traveling west toward Bergen does not establish probable cause to stop the car. The police did not observe the car at any time outside of Genesee County. The police did not see drugs in the vehicle at any time prior to the stop, nor did the police observe the vehicle or occupants of it violate any law.

There was no evidence that the informant was reliable in the past, or gave information against his penal interest, or that the information he gave the police was under oath *(see, People v Rodriguez,* 52 NY2d 483, 489; *People v Wheatman,* 29

NY2d 337, 345). In sum, all the police "corroborated" is that a car was driven east toward Rochester and then, sometime later, returned west toward Bergen. There is nothing criminal about that. Since the People failed to establish that the informant was reliable, the police lacked probable cause to stop the car based solely upon the information the informant provided (see, People v Johnson, 66 NY2d 398, 403-405; People v Fallon, 134 AD2d 887). Accordingly, the judgment should be reversed, defendant's motion to suppress granted and the indictment dismissed. (Appeal from Judgment of Genesee County Court, Morton, J.—Criminal Possession Controlled Substance, 5th Degree.) Present—Callahan, J. P., Boomer, Green, Pine and Balio, JJ.