■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS ORTEGA, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered September 3, 1982, upon a verdict convicting defendant of two counts of the crime of criminal possession of a weapon in the third degree. ¶ Defendant was indicted on two counts of criminal possession of a weapon in the second degree, the first count pertaining to a handgun, the second to a sawed-off .22 caliber rifle. In addition, defendant was indicted on three counts of criminal possession of a weapon in the third degree, in violation of section 265.02 of the Penal Law. Specifically, the fourth and fifth counts of the indictment dealt with the rifle and handgun, respectively, alleging violations of subdivision (4) of section 265.02 of the Penal Law. The third count, which also concerned the rifle, alleged that defendant violated subdivision (3) of section 265.02 by knowingly possessing a firearm which has been defaced for the purpose of concealment. Defendant was convicted of two counts of criminal possession of a weapon in the third degree. Defendant was sentenced to terms of imprisonment of two and one-third to seven years on each count, the terms to run concurrently. This appeal ensued. ¶ Defendant first contends that the

evidence adduced at trial was insufficient to support the verdict. However, a review of the record belies this contention. Defendant next claims that oral statements he made while in custody were improperly admitted at trial. The statements in question were introduced only in response to defendant's own testimony. Such use of defendant's prior inconsistent statements, even though secured in disregard of constitutional safeguards, is permissible to impeach defendant's credibility where, as here, he chooses to take the stand to testify in contradiction of the contents of the statements (*People v Ricco,* 56 NY2d 320, 323). We have examined defendant's contention that the trial court improperly denied his motion for a mistrial and find this argument to be without merit (see CPL 240.45, subd 1, par [a]). ¶ Turning to the sentence imposed, we find that it must be vacated and the matter remitted for resentencing. The jury assented to a verdict of guilty on two counts of criminal possession of a weapon in the third degree, a class D felony. However, at sentencing, the Judge told defendant that he stood convicted of criminal possession in the *second degree* on one count, a class C felony. Accordingly, the sentencing court failed to sentence defendant for each and every count for *which he was convicted* (see *People v Licitra,* 84 AD2d 539). In light of this confusion by the sentencing court, the matter should be remitted for resentencing in accordance with the verdict. ¶ Judgment modified, on the law, by vacating the sentence, matter remitted to County Court of Chemung County for resentencing, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.