■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS S. LUM, Appellant. — Appeal from a judgment of the County Court of Chenango County (Ingraham, J.), rendered June 20, 1983, upon a verdict convicting defendant of the crimes of sodomy in the first degree (two counts) and sexual abuse in the first degree (one count). ¶ Defendant was found guilty, after a jury trial, of sexual abuse in the first degree and two counts of sodomy in the first degree. He was sentenced to an indeterminate term of incarceration of three to nine years, although County Court did not specify for which conviction this sentence was imposed and did not fix sentences for the other convictions. Although we find no merit to defendant's contentions in support of reversal, we are of the view that due to improprieties in the verdict and the sentence, modification of the judgment and resentencing are required. ¶ We find no merit to defendant's contention that his oral and written confessions were obtained improperly. The record reveals that after defendant's initial denial of participation in the crimes, defendant unhesitatingly agreed to accompany the officers to the Sheriff's department to give a written statement. Thus, defendant cannot be considered to have been in police custody during the ride to the Sheriff's department (see, e.g., *People v Mertens,* 97 AD2d 595). Furthermore, defendant was not the subject of undue influence when he confessed to sodomizing the complainant after being informed by the officer with whom he was riding to the Sheriff's department that if his signed, written denial of criminal activity proved false, he could be charged with a crime for making a false statement. This statement of fact alone is insufficient to render defendant's confession involuntary (see *People v Perry,* 77 AD2d 269, 273) and, in the circumstances of this case, does not rise to the level which creates a substantial risk that defendant falsely incriminated himself (*id.*) or was subject to impermissible psychological coercion (see *People v Tarsia,* 50 NY2d 1; *People v Bay,* 76 AD2d 592, 600, app dsmd 54 NY2d 808). Having concluded that the oral confession was proper, there is no merit to defendant's contention that the written confession resulting therefrom must be suppressed as the product of the allegedly tainted oral confession. ¶ The trial court did not abuse its discretion in denying defendant's motion for an adjournment to permit defendant's counsel to withdraw and be replaced by substitute counsel hired by defendant's family. The motion was made immediately prior to commencement of jury selection and was not accompanied by sufficient explanation on defendant's part (see, e.g., *People v Gibson,* 84 AD2d 885, 886). Moreover, the representation afforded defendant was effective; defense counsel made appropriate suppression motions, undertook cross-examination and presented a meaningful defense (see *People v Baldi,* 54 NY2d 137, 147). Also without merit is defendant's claim that comments regarding the credibility of defendant and members of his family by the prosecutor during summation exceeded the bounds of permissible conduct and require reversal. Although certain of the comments might have been better left unsaid, they simply do not rise to the level requiring reversal (see *People v Whalen,* 59 NY2d 273, 280-281; *People v Bailey,* 58 NY2d 272), particularly in light of the strong case against defendant (see *People v Brosnan,* 32 NY2d 254, 262). ¶ Finally, we find certain improprieties with the verdict and sentence which require our attention. It is apparent from conversation between the trial court and the attorneys, which appears in the record, that the sexual abuse in the first degree count was meant to be submitted to the jury as a lesser included offense of the second count of sodomy

in the first degree. Inasmuch as it is impossible to commit sodomy in the first degree under subdivision 3 of section 130.50 of the Penal Law without concomitantly by the same conduct committing sexual abuse in the first degree under subdivision 3 of section 130.65 of the Penal Law (see *People v Glover,* 57 NY2d 61, 63), the sexual abuse count should have been charged in the alternative as an inclusory concurrent count of the sodomy count involving the same conduct (CPL 300.40, subd 3, par [b]). Accordingly, the verdict of guilty on this sodomy count is deemed a dismissal of the lesser count of sexual abuse (*id.;* see *People v Grier,* 37 NY2d 847, 848). It was, therefore, error for the trial court not to dismiss the sexual abuse count (see *People v McTyere,* 90 AD2d 987). ¶ We further find fault with the sentence in that the trial court imposed only an indeterminate term of three to nine years despite conviction on more than one count and the requirement that sentence must be pronounced on each count for which defendant was convicted (see CPL 380.20; *People v Ortega,* 101 AD2d 661; *People v Licitra,* 84 AD2d 539; *People v Williams,* 67 AD2d 265, 268, affd 50 NY2d 996). Furthermore, sentence should be imposed with consideration for two convictions rather than three in light of the above disposition of the sexual abuse count for which defendant was found guilty. Consequently, defendant must be resentenced on each of the two counts of sodomy in the first degree for which he was properly convicted. ¶ Judgment modified, on the law, by reversing so much thereof as convicted defendant of sexual abuse in the first degree, dismissing said count of the indictment, and vacating the sentence imposed; matter remitted to County Court of Chenango County for resentencing in accordance herewith; and, as so modified, affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.