■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN E. WEEKS, Appellant.—Kane, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered April 22, 1988, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

The issue on appeal here is whether defendant had standing to suppress evidence, packages of cocaine, that resulted in his indictment. The packages were found by Binghamton Police Officer Michael O'Day, who began following defendant while acting on a radio transmission from his patrol car that a possible drug transaction had just occurred in his area. Defendant was on foot and, upon seeing O'Day, turned into the driveway of a private residence, stepped onto the porch, and placed the packages of cocaine in a flower box. Seeing defendant fumbling around at the flower box, O'Day ordered him off the porch and retrieved the cocaine.

Approximately one week prior to a suppression hearing* defendant requested that the packages of cocaine be suppressed. County Court then explained to defendant the need to show standing to move to suppress the packages and told him that, since he maintained that he never had possession of the packages, "you probably don't have any type of standing to bring a challenge to Court about finding those things". Thereafter, no attempt was made, either through motion or at the suppression hearing, to suppress the packages. Defendant was subsequently convicted.

Defendant now seeks reversal, arguing for the first time that the packages of cocaine found in the flower box belonged to him and were the fruits of unlawful conduct by the police in ordering defendant from the porch without reasonable suspicion. In affirming the judgment, we find that defendant has failed to properly preserve the issue for our review. Defendant declined to move for suppression of the packages at the suppression hearing, instead choosing to deny any connection with the cocaine altogether. Any purported prehearing request for suppression was on different grounds than those argued here (see, People v Tutt, 38 NY2d 1011, 1013) and was functionally withdrawn by defendant's failure to seek suppression of the packages at the hearing "at a time when the People would have an evidentiary opportunity to counter his

---

* Defendant was searched by other officers at the scene who recovered additional evidence that was eventually suppressed.

assertion" *(People v Tutt, supra; see, People v Andersen,* 118 AD2d 716, 717).

We are also unpersuaded to reverse defendant's conviction in the interest of justice based upon this issue. Our view of the evidence is that, regardless of the propriety of O'Day's order to defendant to come down off the porch, defendant had by then abandoned the packages of cocaine and thereby placed them outside constitutional protection *(see, People v Howard,* 50 NY2d 583, 592, *cert denied* 449 US 1023). The time between defendant's eye contact with O'Day and his subsequent deposit of the cocaine in the flower box was sufficient to permit defendant to thoughtfully formulate a strategy to intentionally rid himself of the incriminating packages *(see, People v Rosser,* 150 AD2d 911; *see also, People v Boodle,* 47 NY2d 398, 404, *cert denied* 444 US 969).

Judgment affirmed. Mahoney, P. J., Kane, Levine, Mercure and Harvey, JJ., concur.