■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG WILLIAMS, Also Known as KEVIN, Appellant. [662 NYS2d

635] —Crew III, J. P. Appeal from a judgment of the County Court of Ulster County (Sheridan, J.), rendered June 28, 1994, upon a verdict convicting defendant of two counts of the crime of criminal possession of a controlled substance in the third degree.

Based upon information supplied by a confidential informant, defendant was arrested without a warrant and transported in a police vehicle to the City of Kingston Police Department in Ulster County. Thereafter, the police discovered a quantity of crack cocaine that had been secreted in the back of the police car in which defendant had been transported. Consequently, defendant was indicted for the crimes of criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree. Following his conviction of two counts of criminal possession of a controlled substance in the third degree, defendant was sentenced as a second felony offender to two concurrent indeterminate terms of imprisonment of 6 to 12 years. Defendant now appeals.

Defendant's principal contention on appeal is that the police lacked probable cause to arrest him without a warrant because the informant had no basis of knowledge for the information imparted to the police and the police had no basis for concluding that the informant was reliable (*see, Spinelli v United States*, 393 US 410; *Aguilar v Texas*, 378 US 108; *People v Rodriguez*, 52 NY2d 483). We disagree.

A review of the record makes plain that the confidential informant spoke from first-hand knowledge. The informant engaged in personal conversations with defendant, went to the site where defendant was converting cocaine into crack cocaine, personally observed this process and then telephoned police, advising them of what he had seen and that defendant would be leaving the residence shortly carrying a quantity of crack cocaine packaged for street sale. Within 20 minutes of that telephone call, the police observed defendant depart the residence in question and placed him under arrest. We thus are persuaded that the first prong of the *Aguilar-Spinelli* test—basis of knowledge—has been satisfied. As to the second prong, the record reveals that the informant gave the police specific and detailed information concerning a major ongoing drug ring and conspiracy that included the aforementioned transaction in which the informant was personally involved and, as such, his statements were against his penal interests. Such clearly was sufficient to establish the informant's reliability (*see, e.g., People v Johnson*, 66 NY2d 398, 403-404). In any event, even if

we were to conclude that the People failed to establish either of the two *Aguilar-Spinelli* prongs, it is clear that the cocaine found in the police vehicle was abandoned property and was, therefore, outside the scope of constitutional protection (*see, People v Weeks*, 153 AD2d 971, 972, *lv denied* 75 NY2d 777).

White, Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.