■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BYRON TILLMAN, Appellant. [725 NYS2d 501] —Judgment unanimously affirmed. Memorandum: County Court properly denied the motion of defendant seeking suppression of tangible evidence seized by police officers from his person and the automobile in which he was a passenger. Because the People did not charge defendant with criminal possession of a weapon based on the statutory presumption in Penal Law § 265.15 (3), defendant did not have automatic standing to challenge the search of the automobile (*see, People v Wesley*, 73 NY2d 351, 361; *People v Reynolds*, 216 AD2d 883, *lv denied* 86 NY2d 801). Nor did defendant have standing to challenge that search by virtue of his status as a passenger in the automobile (*see, People v Brown*, 190 AD2d 1003, 1004, *lv denied* 81 NY2d 968). Thus, the court properly concluded that defendant lacked standing to challenge the seizure of the .22 caliber handgun from the automobile. Defendant's apparent attempt to dispose of two .22 caliber rounds of ammunition while he was in the police car constituted an abandonment of those items, and the court therefore properly refused to suppress them (*see, People v Williams*, 243 AD2d 761, 762-763). Finally, the third .22 caliber round of ammunition was lawfully seized from defendant's pocket as the product of a search incident to a lawful arrest (*see, People v Dillard*, 212 AD2d 1029, 1030, *lv denied* 86 NY2d 734). (Appeal from Judgment of Monroe County Court, Marks, J.—Criminal Possession Weapon, 3rd Degree.) Present—Green, J. P., Hurlbutt, Scudder, Burns and Lawton, JJ.