■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY MANTIA, Appellant. [749 NYS2d 606] —Spain, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered August 9, 2001, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the fifth degree.

Based upon information supplied by a confidential informant regarding a drug transaction, defendant was arrested without a warrant after a quantity of cocaine and heroin was found in his possession. Shortly after his arrest, defendant received *Miranda* warnings and he gave the police a written, audiotaped statement in which he admitted his participation in a drug purchase. County Court denied defendant's pretrial mo-

tion to suppress the contraband and his statements to the police. He then accepted a plea offer pursuant to which he entered a plea of guilty to both crimes charged in the indictment and was sentenced as a second felony offender to two concurrent prison terms of 3 to 6 years.

On this appeal, defendant contends that his suppression motion should have been granted because his warrantless arrest was not based upon probable cause, i.e., the prosecution failed to establish the confidential informant's reliability or the basis of her knowledge (*see Spinelli v United States*, 393 US 410; *Aguilar v Texas*, 378 US 108; *People v Johnson*, 66 NY2d 398, 400-406; *People v Rodriguez*, 52 NY2d 483).* We disagree.

The testimony elicited at the suppression hearing established that the basis of the information relayed by the informant was her firsthand knowledge of both the individuals and of the events in question (*see People v Bigelow*, 66 NY2d 417, 423-424; *People v Williams*, 243 AD2d 761, 762). The arresting police detective testified that the informant was known by police to be familiar with a specific person from New York City (hereinafter the seller) who intended to sell drugs to defendant, as the seller had been her boyfriend and was the father of her child. The informant was also familiar with defendant, who resided in her apartment complex. Based upon advance information provided by the informant, the police followed her on the evening in question as she traveled with defendant in his car to a bus station in the City of Kingston, Ulster County, where they picked up the seller and drove to a motel. Under police surveillance, the group proceeded to a motel room where the informant observed defendant purchasing the controlled substances. She then excused herself from the room and met with the surveilling police officers in the motel lobby, informing them that defendant would soon be leaving the motel carrying a grocery bag containing the drugs. When the police observed defendant leaving the motel clasping a bag, they arrested him and the controlled substances in his possession were confiscated.

The reliability of the informant herself was established by the accuracy of the specific and detailed knowledge she conveyed to the police, the veracity of which the officers were able to confirm prior to defendant's arrest as they observed the events unfolding exactly as the informant had described them, e.g., the seller arrived by bus at the time and place the informant had indicated and she correctly identified the motel

---

* A pending charge of petit larceny against the informant was dismissed in exchange for the information she provided.

where defendant and the seller planned to consummate the sale. We find this sufficient to establish the informant's reliability (*see People v Johnson*, 66 NY2d 398, 403; *People v Elwell*, 50 NY2d 231, 237; *see also People v Rodriguez, supra* at 489).

Moreover, the informant's identification of defendant as someone involved in a drug-related crime was consistent with information possessed by the testifying detective concerning defendant, with whom he was familiar, having participated in defendant's two previous arrests on drug-related charges, further confirming the "reasonable belief" that at the time of his arrest, defendant had committed a crime (*People v Bigelow, supra* at 423; *see People v Tillie*, 239 AD2d 670, 671, *lv denied* 91 NY2d 881). Thus, County Court correctly concluded that the police had probable cause for defendant's warrantless arrest, and properly denied defendant's suppression motion. Defendant's remaining contentions raised herein have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Peters and Rose, JJ., concur. Ordered that the judgment is affirmed.