■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL COLLINS, Appellant. [828 NYS2d 587]—

Peters, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered May 27, 2005 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

Pursuant to a search warrant containing a "no-knock" provision, authorizing a search of defendant's single-family residence at Garfield Place in the City of Albany for the seizure of drugs, drug paraphernalia, documents and records, a search was conducted on May 28, 2004. The police discovered a quantity of crack cocaine, a scale, marihuana, currency and various papers. Although defendant ultimately pleaded guilty to criminal possession of a controlled substance in the fourth degree, he preserved a challenge to the validity of the warrant.

The record establishes that the warrant was issued after Jeff Roberts, a detective with the Albany Police Department, presented an application to City Court on May 27, 2004. The application included a description of the investigation along with information received from three separate undisclosed confidential informants. The first informant provided information in 2003 that defendant engaged in drug sales from his Garfield

Place residence in late 2003. Roberts advised that he had spoken to this informant, who further told him that defendant had previously been in prison on drug charges; this information proved to be correct. The second informant provided information to another detective in May 2004 that defendant was involved in cocaine trafficking in the West Hill neighborhood of Albany and that he owned a garage on Livingston Avenue and a "stash house" on Garfield Place where he kept large amounts of cocaine. The third informant told a police officer during the last week of May 2004 that defendant was actively selling crack cocaine from his residence at 39 Garfield Place. This informant described the residence in detail and stated that he had purchased cocaine from defendant on a number of occasions over the last six months, the most recent being the evening before the warrant was sought. That informant described the cocaine being retrieved from the basement of the Garfield Place residence, further detailing how and where it was stored; this information was reduced to a sworn statement. In final support of the application, Roberts stated that he had run a criminal history check on defendant which revealed that defendant was currently on parole and had been previously arrested on a number of occasions for possession and sale of controlled substances. Defendant's driver's license check and parole information confirmed his residence at 39 Garfield Place in Albany.

Judging the warrant, as we must, under the two-pronged *Aguilar-Spinelli* test (*see Spinelli v United States*, 393 US 410 [1969]; *Aguilar v Texas*, 378 US 108 [1964]), we conclude that the application was sufficient to demonstrate the reliability of the source of the information and the basis of at least one of the confidential informant's knowledge (*see People v Griminger*, 71 NY2d 635, 639 [1988]; *People v Lewis*, 25 AD3d 824, 826 [2006], *lv denied* 7 NY3d 791 [2006]). The information provided by the third informant, in affidavit form, was against such informant's penal interest (*see People v Walker*, 27 AD3d 899, 900 [2006], *lv denied* 7 NY3d 764 [2006]; *People v Muir*, 3 AD3d 597, 598 [2004], *lv denied* 1 NY3d 631 [2004]) and was both thorough and specific concerning defendant's drug operations at the location sought to be searched (*see People v Mantia*, 299 AD2d 664, 665 [2002], *lv denied* 99 NY2d 617 [2003]; *People v Williams*, 243 AD2d 761, 762 [1997]). The identification of defendant as being involved in drug-related activities was also consistent with not only the information provided by the two other informants but also the objective information acquired by the detective that assembled the warrant application (*see People v Mantia, supra* at 666).

With the information sufficient to assess the credibility of the

informant as well as the reliability of the information, we find the warrant to have been grounded upon probable cause (*see People v Wheatman*, 29 NY2d 337, 345 [1971]). For that reason, the denial of defendant's motion to suppress the items seized during the search of his residence was proper. Further reviewing and rejecting, as without merit, defendant's challenge to his sentence, we affirm.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.