OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is affirmed.
After a nonjury trial, defendant was convicted of attempted criminal possession of a weapon in the fourth degree (Penal Law §§ 110.00, 265.01 [1]). At the commencement of the trial, defendant moved to suppress the weapon, an unloaded but operable .32 caliber revolver, which had been recovered from an automobile wherein defendant was a passenger. The Criminal Court denied the motion, without a hearing, on the ground that, upon the facts alleged, defendant lacked standing to challenge the search. The trial proof established that three police officers, on patrol in an unmarked car, had observed the vehicle, in which defendant had been a rear-seat passenger, illegally double parked on a one-way street and obstructing traffic. As the officers moved their car towards the double-parked vehicle in order to issue the operator a traffic summons, one of the officers asked the driver, who had left the vehicle and was walking to a nearby store, to move his vehicle out of the traffic lane. The *33 operator asked, defendant, still seated in the rear seat behind the driver’s seat, to move the car, and continued walking towards the store. Defendant complied, moving the vehicle to the side of the road and into a legal parking space. The police officers approached the vehicle, and, while one officer asked a front-seat passenger for identification and for permission to search the car, which was denied, another officer, examining the interior of the car through the rear passenger window with a flashlight, observed the revolver lying on the floor of the car, directly in front of where defendant had initially been seated. The police arrested defendant, the other passenger, and the person operating the vehicle when it was initially observed, and charged defendant with attempted possession of a weapon in the fourth degree.
At the close of the People’s case, defendant again sought a hearing on the propriety of the search, arguing, among other matters, that his standing to challenge the search of the automobile and the seizure of the weapon arose from the officer’s directive that the vehicle be moved, transforming what might otherwise be a mere investigatory approach to a stationary vehicle into a full-blown vehicle stop. The court rejected this argument, concluding that the initial approach and inquiry had been proper because the vehicle had been illegally parked, that the directive to move the vehicle a short distance to a legal and safe location did not amount to the stop of a moving vehicle, and that defendant had failed to establish a legitimate expectation of privacy in the area searched. On appeal, defendant challenges the denial of his motions for a suppression hearing and also argues that the proof was legally insufficient to support a guilty verdict, which, in any event, was against the weight of the evidence.
Defendant did not deny that when the vehicle had first been observed, it had been illegally parked, and that a subsequent investigatory approach, which might properly include a plain-view inspection of the automobile’s interior from the outside via a flashlight, was entirely proper (Texas v Brown, 460 US 730, 740 [1983]; People v Valerio, 274 AD2d 950, 951 [2000]; People v Desir, 138 AD2d 236, 237 [1988]). The bases alleged to entitle defendant to a hearing were that the directive to move the vehicle amounted to a stop for Fourth Amendment purposes, which defendant had standing to challenge whether as an operator or a passenger, and that, in any event, the People’s reliance on a statutory presumption to prove attempted possession affords *34 even passengers standing to challenge the propriety of a stop and search of an automobile.
The Criminal Court properly denied the motions for a suppression hearing. While a passenger may contest the constitutionality of a stop and an ensuing search of a vehicle (Brendlin v California, 551 US 249, 255-256 [2007]; People v May, 81 NY2d 725, 727 [1992]; People v Voner, 74 AD3d 1371, 1373 [2010]), the order to move the vehicle out of the lane of traffic and into a legal parking location did not so interfere with defendant’s freedom of movement as to convert what otherwise was an indisputably lawful approach to a stationary vehicle based on a Vehicle and Traffic Law violation (People v Ocasio, 85 NY2d 982, 984 [1995]; People v Valerio, 274 AD2d 950 [2000]) into a vehicle stop. The vehicle “was stationary prior to, and for a reason independent of, the action of the police,” and because its illegal placement attenuated defendant’s privacy interests, it cannot be said that the order to move the vehicle implicated the Fourth Amendment concerns associated with such stops (People v Thomas, 19 AD3d 32, 37 [2005]; see also People v Modlinger, 12 Misc 3d 1188[A], 2006 NY Slip Op 51492[U] [Sup Ct, Bronx County 2006]). Moreover, a mere passenger in a vehicle already stopped has no reasonable expectation of privacy in the vehicle’s interior (see Rakas v Illinois, 439 US 128, 148-149 [1978]; People v Washington, 37 AD3d 1131, 1132 [2007]; People v White, 232 AD2d 437, 438 [1996]), and because the People did not rely upon the statutory presumption of possession of a weapon as a basis for the prosecution (Penal Law § 265.15 [3]), but proceeded on a theory of attempted constructive possession (see Penal Law § 10.00 [8]; People v Manini, 79 NY2d 561, 573 [1992]), defendant could not claim automatic standing to contest the search (People v Tejada, 81 NY2d 861, 863 [1993]; People v Tillman, 283 AD2d 944 [2001]; cf. People v Millan, 69 NY2d 514, 519 [1987]).
Defendant failed to preserve his claims that the evidence was legally insufficient to establish the elements of an attempt to knowingly possess and to exercise dominion and control of a weapon (see CPL 470.05 [2]; People v Hines, 97 NY2d 56, 61 [2001]). In any event, the evidence was legally sufficient. The People proved that the revolver, in plain view from the vantage point even of an observer examining the interior of the vehicle from outside the rear passenger window, lay on the floor of the car in front of where defendant had been seated and within inches of his feet. Viewed in the light most favorable to the *35 People (People v Contes, 60 NY2d 620, 621 [1983]), this proof sufficed to establish defendant’s attempt to knowingly possess a weapon (see People v Carter, 60 AD3d 1103, 1106 [2009]; People v Edwards, 39 AD3d 1078, 1079 [2007]; People v Skyles, 266 AD2d 321, 322 [1999]).
“[I]n fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the [factfinder’s] opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490 [1987])” (People v Lloyd, 29 Misc 3d 143[A], 2010 NY Slip Op 52208[U], *2 [App Term, 9th & 10th Jud Dists 2010]).
Upon this record, it cannot be said that the verdict was against the weight of the credible evidence. The testimonies of the People’s witnesses, who appeared confident in the accuracy of their narratives, were plausible as to the facts and were internally and comparatively consistent. Indeed, defendant’s own case did little to contradict the People’s proof.
Accordingly, the judgment of conviction is affirmed.
Golia, J.P, Pesce and Rios, JJ., concur.