People v Elder (2019 NY Slip Op 04784)





People v Elder


2019 NY Slip Op 04784


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 13, 2019

109005

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
KEVIN ELDER, Appellant.

Calendar Date: April 23, 2019

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Pritzker, JJ.


Craig S. Leeds, Albany, for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeals from two judgments of the County Court of Ulster County (Williams, J.), rendered October 13, 2016 and October 27, 2016, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree (two counts).
On June 6, 2015, officers of the Ulster County Sheriff's Department stopped a vehicle in which defendant was a passenger. During the stop, another individual, who appeared to have just exited the vehicle, was observed nearby walking toward an apartment building. When confronted by police, this individual stated that she was attempting to enter the apartment of defendant, with whom she had traveled to Brooklyn the previous day. She stated that defendant had procured drugs during the trip, that she had been in the apartment the prior evening into the early morning hours, and that she had seen defendant secure drugs within the premises. Based on that information, police obtained a warrant to search defendant's apartment, where they seized heroin, cocaine and drug paraphernalia. Defendant was charged with two counts of criminal possession of a controlled substance in the third degree, two counts of criminal possession of a controlled substance in the fourth degree and two counts of criminally using drug paraphernalia in the second degree. Defendant moved to suppress the evidence seized from his apartment. County Court denied the motion following a hearing, concluding, as relevant here, that probable cause existed to support the search warrant, and that a protective sweep conducted by officers prior to obtaining the search warrant did not taint the subsequent search. Defendant thereafter pleaded guilty to two counts of criminal possession of a controlled substance in the third degree. County Court did not make a specific promise as to sentence, but did agree that defendant would not be sentenced as a persistent felony offender. County Court ultimately imposed two concurrent sentences of eight years in prison followed by three years of postrelease supervision. Defendant appeals.
Initially, we are unpersuaded that County Court should have granted defendant's motion to suppress the evidence seized from his apartment. As defendant raised the legality of the [*2]underlying traffic stop and his resulting detention for the first time on appeal, that issue is not preserved for our review (see People v Ashley, 45 AD3d 987, 988 [2007], lv denied 10 NY3d 761 [2008]). With respect to the information underlying the search warrant application, we find that the court properly determined that the informant's statements to police against her penal interest — including her admission that she possessed drug paraphernalia and had been involved in defendant's drug trafficking — supported a finding of reliability to establish probable cause (see People v Collins, 35 AD3d 896, 897 [2006]; People v Walker, 27 AD3d 899, 900 [2006], lv denied 7 NY3d 764 [2006]). We also reject defendant's assertion that the protective sweep of the premises tainted the subsequent search. County Court found that the warrant was not yet signed or present at the time of the initial entry, but that no evidence was observed or seized at that time. The search warrant was based upon independently sourced information gathered before the sweep was conducted (see People v Arnau, 58 NY2d 27, 33 [1982]). Although defendant contends that the testimony proffered by the People lacked credibility, we defer to the court's findings, including its finding that the application supporting the search warrant was present at the time of the search (see People v Jones, 156 AD3d 960, 962 [2017], lv denied 30 NY3d 1116 [2018]; People v Morris, 105 AD3d 1075, 1077-1078 [2013], lv denied 22 NY3d 1042 [2013]). Defendant's remaining contentions regarding the denial of his suppression motion have been examined and found to lack merit.
"Defendant's claims that his guilty plea was not voluntary and that counsel provided ineffective assistance with respect to the plea are unpreserved for our review, as he did not raise them in an appropriate postallocution motion" (People v Tetreault, 152 AD3d 1081, 1082 [2017] [citations omitted], lv denied 30 NY3d 984 [2017]). Defendant's statement that he took "psych medication, but [hadn't] been taking them" did not trigger the narrow exception to the preservation requirement. County Court elicited defendant's assurance that he was having no trouble understanding the proceedings, as well as defense counsel's opinion that defendant was able to make a knowing, intelligent and voluntary decision, and defendant did not otherwise make any statements during the plea proceeding that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Taft, 169 AD3d 1266, 1267 [2019]; People v Gumbs, 169 AD3d 1119, 1119 [2019]). To the extent that defendant's claims of ineffective assistance of counsel are unrelated to the voluntariness of his plea, they are foreclosed by his guilty plea (see People v Kaid, 163 AD3d 1151, 1152 [2018], lv denied 32 NY3d 1005 [2018]; People v Williams, 145 AD3d 1188, 1191 [2016], lv denied 29 NY3d 1002 [2017]).
We reject defendant's contention that he received an illegal sentence. County Court initially imposed a sentence upon only one of the two counts of which defendant was convicted. Defendant was thereafter returned to court, and the court pronounced sentence upon the second count, imposing a concurrent prison term of eight years with three years of postrelease supervision. Defendant cites no authority in support of his argument that this sentencing was illegal, and it was clearly necessary to pronounce sentence for each of the convictions (see People v Ortega, 101 AD2d 661, 662 [1984]). We do not find the sentence to be harsh or excessive. In accord with the plea agreement, County Court declined to sentence defendant as a persistent felony offender. Defendant failed to preserve his contention that the sentence imposed penalized him for rejecting an earlier plea offer of six years in prison (see People v Watson, 150 AD3d 1384, 1387 [2017], lv denied 29 NY3d 1135 [2017]) and, in any event, the record does not support that claim. Given defendant's extensive criminal history, including multiple felonies, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Quintana, 159 AD3d 1122, 1128 [2018], lv denied 31 NY3d 1086 [2018]).
Egan Jr., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgments are affirmed.