■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERARD HOWARD, Also Known as MICHAEL HARRIS, Also Known as DERRICK GREENE, Appellant. [624 NYS2d 300] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Canfield, J.), rendered November 6, 1992 in Albany County, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the third degree (three counts).

Defendant was arrested and charged with criminal possession of a controlled substance in the first degree and three counts of criminal possession of a weapon in the third degree, when a search of the apartment in which he was sleeping uncovered several hundred grams of crack cocaine, drug paraphernalia and three loaded handguns. After a trial at which a codefendant, Francina Bryan, implicated defendant, he was found guilty of the charged crimes and sentenced to consecutive terms of imprisonment having an aggregate minimum of 35½ years and a maximum of life.

Defendant contends that his conviction for possession of the cocaine is not supported by legally sufficient evidence in that Bryan's testimony was not properly corroborated. Bryan testified that defendant had hired her to transport two large packages of cocaine from New York City to Albany, and that she took the contraband—and a set of apartment keys—from him, delivered it, at his direction, to the Albany apartment (where she and defendant were later arrested), met him there and informed him of where she had placed the cocaine. This being the only evidence that defendant exercised dominion and control over the illegal substance—and that he had handled it and was therefore aware of its weight *(see, People v*

*Hill,* 85 NY2d 256, 263)—corroboration was essential *(see,* CPL 60.22 [1]).

Corroboration was provided, however, both by defendant's presence at the apartment where the drugs were discovered *(see, People v Daniels,* 37 NY2d 624, 631) and, more importantly, by the fact that a piece of paper outlining the financial details of drug transactions, which was found with the large packages of cocaine, listed defendant—by his nickname, "Dread"—as one of the participants. That defendant used this sobriquet was demonstrated by a letter that he had written and signed in that fashion. In addition, there was testimony that defendant had been observed at the apartment on a previous occasion, and that he had been identified by a confidential informant as being involved in drug-trafficking activities taking place there. Although these facts may not, without more, be enough to establish that defendant constructively possessed the illegal substance *(see, e.g., People v Edwards,* 206 AD2d 597, *lv denied* 84 NY2d 907), they do tend to connect defendant with the crime, and hence corroborate Bryan's testimony to the extent required by the statute *(see, People v Hudson,* 51 NY2d 233, 239-241).

Those of defendant's other arguments that have been preserved for review are equally unavailing. Having made no showing that he had a legitimate expectation of privacy in the apartment in which he was arrested, which was not his residence, defendant is without standing to challenge the validity of the search warrant *(see, People v Rodriguez,* 69 NY2d 159, 162-163; *People v Carter,* 199 AD2d 817, 819). And as for the allegedly improper and prejudicial statements made by the prosecutor during his summation, it suffices to note that even taken together, the assertedly objectionable references were not so egregious as to have deprived defendant of a fair trial *(see, People v White,* 173 AD2d 897, 897-898, *lv denied* 78 NY2d 976).

Mercure, J. P., Crew III, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.