■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARTHOLOMEW R. MONDOLFI, Appellant. [633 NYS2d 624] —Casey, J. Appeals (1) from a judgment of the County Court of Broome County (Mathews, J.), rendered March 4, 1994, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree, and (2) from a judgment of said court, rendered March 4, 1994, which revoked defendant's probation and imposed a sentence of imprisonment.

On October 13, 1993, Investigator William Martino of the City of Binghamton Police Department in Broome County received a telephone call from a confidential informant who informed him that defendant was in a bar named Dell's Palaz selling vials of cocaine. Martino and Investigator Thomas Eggleston immediately proceeded to the bar and found defendant dressed and sitting as the informant had stated. Upon searching defendant, 35 vials of cocaine were discovered in his coat pocket as described by the informant. Defendant, who was on probation as a result of a prior felony conviction, was arrested and subsequently made incriminating statements.

Defendant moved to suppress the fruits of the warrantless search and his subsequent statement. Upon the denial of his motion after a hearing, defendant pleaded guilty to the indictment and to a violation of probation based upon the same conduct. Defendant appeals contending that County Court erred in failing to grant his suppression motion. We affirm.

We find no merit to defendant's contention that the People failed to establish the reliability and the basis of the knowledge of the confidential informant pursuant to the *Aguilar/ Spinelli* test (*see, Aguilar v Texas*, 378 US 108; *Spinelli v United States*, 393 US 410). Martino testified that he had worked with the informant in the past on more than 10 occasions and the informant had proven reliable. Eggleston also testified that he had used the informant in the past with success. The People established that the informant had a reliable " 'track record' " (*see, People v Johnson*, 66 NY2d 398, 403). The basis of the informant's knowledge was clearly established. In the phone call to Martino, the informant stated that the information was based upon personal observation of defendant who was known to the informant (*see, People v Bigelow*, 66 NY2d 417, 423). The information was immediately verified by a police investigation (*see, supra*). County Court did not err in refusing to suppress the seized evidence and defendant's subsequent statement. Accordingly, the judgments must be affirmed.

Mikoll, J. P., White, Peters and Spain, JJ., concur. Ordered that the judgments are affirmed.