■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR M. GOMEZ, Appellant. [705 NYS2d 478] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of marihuana in the first degree (Penal Law § 221.30). On July 9, 1998, the police interviewed an informant whom they had just found in possession of a large quantity of marihuana. The informant agreed to contact his supplier, defendant, to set up a meeting and called defendant from the police station. The informant gave the police a description of defendant and his vehicle, and said that defendant would probably be with a female passenger. Defendant was to drive into a designated corner of a hotel parking lot between 6:30 and 7:00 P.M. the following evening. The police set up surveillance on July 10, 1998 and, at approximately 7:00 P.M., they observed a vehicle matching the description provided by the informant enter the designated area of the parking lot. Defendant was driving and had a female passenger. After defendant parked the vehicle, the police arrested him as he exited his vehicle and searched his person, retrieving, among other things, a beeper and $2,000 in cash. A trained K-9 dog then sniffed around the vehicle and gave a positive indication that there were drugs in the vehicle. The police obtained a warrant to search the vehicle, where they found over 10 pounds of marihuana in a seat compartment.

Defendant moved to suppress the pager, money, and marihuana on the grounds that the police lacked reasonable suspicion to use a dog to sniff around his vehicle and lacked probable cause to search him. Supreme Court properly denied the motion. The police had a reasonable suspicion that marihuana would be found in the vehicle, thus justifying the use of the dog to sniff around the vehicle (see, People v Dunn, 77 NY2d 19, 26, cert denied 501 US 1219). In addition, the police had probable cause to believe that a crime had been committed to support defendant's arrest before the dog sniff, thus justifying the search of defendant's person (see generally, People v Martinez, 80 NY2d 444, 447; People v Rodriguez, 52 NY2d 483, 488-489). (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Criminal Possession Marihuana, 1st Degree.) Present—Pine, J. P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.