■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY D. MATHIS, Appellant. [710 NYS2d 274] —Judgment unanimously affirmed (see, People v Lococo, 92 NY2d 825, 827). (Appeal from Judgment of Niagara County Court, Fricano, J.— Assault, 2nd Degree.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD SAPP, Appellant. [710 NYS2d 212] —Judgment unanimously affirmed. Memorandum: Because defendant failed to move to withdraw the plea or to vacate the judgment of conviction, his challenge to the factual sufficiency of the plea allocution has not been preserved for our review (see, People v Person, 256 AD2d 1232, lv denied 93 NY2d 856; People v Nesbett, 255 AD2d 950). The plea allocution did not engender significant doubt regarding the voluntariness of the plea to require County Court to conduct a further inquiry (see, People v Toxey, 86 NY2d 725, 726, rearg denied 86 NY2d 839; People v Lopez, 71 NY2d 662, 666). By pleading guilty to criminal contempt in the first degree and admitting that he was convicted of the crime of criminal contempt in the second degree in 1994, defendant waived his contention that reversal is required because the People failed to file a special information pursuant to CPL 200.60 (see, People v Mooney, 245 AD2d 1137, lv denied 91 NY2d 928).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Cayuga County Court, Corning, J.—Contempt, 1st Degree.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.