■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY SINGLETARY, Appellant. [715 NYS2d 185] —Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's suppression motion. The police had probable cause to stop defendant and conduct a warrantless search and seizure based on a taped telephone call to defendant, made from police headquarters by a confidential informant, arranging for a purchase of cocaine. The hearsay information provided by the confidential informant to the police satisfied the requirements of the *Aguilar-Spinelli* test (*Aguilar v Texas*, 378 US 108; *Spinelli v United States*, 393 US 410; *see, People v DiFalco*, 80 NY2d 693, 696-697; *People v Millio*, 142 AD2d 933, 934). The basis of knowledge of the confidential informant concerning defendant's drug-selling activities was that she had purchased cocaine from defendant the day before the telephone call was made, which was confirmed by the taped telephone conversation; the reliability of that informant was established by the fact that she had worked with police in the past and by the taped telephone conversation, which confirmed that defendant was selling drugs (*see, People v Bigelow,* 66 NY2d 417, 423; *see also, People v Gomez*, 270 AD2d 959, *lv denied* 94 NY2d 948).

Defendant's challenge to the factual sufficiency of the plea allocution has not been preserved for our review because defendant failed to move to withdraw his plea of guilty or to vacate the judgment of conviction on that ground, thereby denying the court "the opportunity to address the perceived error and to take corrective measures, if needed" (*People v Lopez,* 71 NY2d 662, 665-666; *see, People v Sapp,* 273 AD2d 848; *see also, People v Toxey,* 86 NY2d 725, 726, *rearg denied* 86 NY2d 839). (Appeal from Judgment of Ontario County Court, Sirkin, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Pine, Wisner, Kehoe and Balio, JJ.