■ The People of the State of New York, Respondent, v Sasha Kelley, Appellant. [762 NYS2d 438] —Kane, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered January 23, 2001, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Defendant was arrested for driving without a license, driving an uninspected vehicle and failure to have a driver's side rear view mirror. After this concededly lawful arrest (*see* Vehicle and Traffic Law § 155), he was transported to the police station and subjected to a strip search, whereupon the officers discovered 130 individually wrapped "twisties" of crack cocaine in a plastic bag between his buttocks. Defendant was charged with criminal possession of a controlled substance in the third and fourth degrees. Following County Court's denial of defendant's suppression motion, he pleaded guilty to the top count of the indictment in exchange for the minimum indeterminate sentence of 4½ to 9 years, which was imposed.

On appeal, defendant contends that the crack should have been suppressed because the strip search violated his right to be free from unreasonable searches under the Federal and State Constitutions (US Const 5th Amend; NY Const, art I,

§ 12). Contrary to defendant's assertions, this matter was not resolved by the Court of Appeals in *People v More* (97 NY2d 209, 214 n [2002])—where the Court held unconstitutional a body cavity search at the scene and incident to arrest—as the Court specifically distinguished and did not address occasions where body cavity searches were conducted at a police station or correctional facility. The search here was not merely incident to arrest, but was conducted due to administrative concerns and penological interests related to the housing of inmates.

Individuals charged with a misdemeanor or other minor offense and held in a local correctional facility have a constitutional right to be free from warrantless strip searches "unless the officials have a reasonable suspicion that the arrestee is concealing weapons or other contraband based on the crime charged, the particular characteristics of the arrestee, and/or the circumstances of the arrest" (*Weber v Dell*, 804 F2d 796, 802 [1986], *cert denied sub nom. County of Monroe v Weber*, 483 US 1020 [1987]; *see Shain v Ellison*, 273 F3d 56, 66 [2001], *cert denied sub nom. Nassau County, N.Y. v Shain*, 537 US 1083 [2002]; *Wachtler v County of Herkimer*, 35 F3d 77, 81 [1994]; *People v Jennings*, 297 AD2d 644, 644 [2002]; *Huck v City of Newburgh*, 275 AD2d 343, 344 [2000], *lv denied* 95 NY2d 929 [2000]). That the police department's written search policy was unconstitutional is irrelevant, as the officers failed to even follow that insufficient policy by obtaining the shift commander's approval before performing the strip search. Regardless of the officers' reasons, we can comb the record for objective reasonable suspicion to justify the search considering the totality of the circumstances (*see Sarnicola v County of Westchester*, 229 F Supp 2d 259, 269 [2002]; *Huck v City of Newburgh, supra* at 344-345).

Courts consider several factors when determining the reasonableness of a strip search, including the defendant's excessive nervousness, unusual conduct, information showing pertinent criminal propensities, informant's tips, loose-fitting or bulky clothing, an itinerary suggestive of wrongdoing, incriminating matter discovered during a less intrusive search, lack of employment, indications of drug addiction, information derived from others arrested or searched contemporaneously, and evasive or contradictory answers to questions (*see Sarnicola v County of Westchester, supra* at 271). Vehicle and traffic offenses are generally unlikely to require weapons, implements or fruits of the crime (*see People v Marsh*, 20 NY2d 98, 101 [1967]). Nevertheless, at the time of his arrest, the police learned that defendant was on parole for robbery, his parole officer was un-

aware he was in the City of Kingston, Ulster County, he gave false answers in response to police questioning at the scene, he was nervous and fidgety, a passenger in the vehicle mentioned being in the area to see a friend who had the same name as an individual known to the officers as a gang member currently incarcerated, defendant admitted smoking marihuana earlier that day with the passengers of the vehicle, there was some evidence of marihuana use in the vehicle, he lived in the Bronx yet was in Kingston at 2:00 A.M., he could not provide the address of his destination for a "moving job" in Kingston, and there was a minor in the vehicle about whom he gave false information, which contradicted other information obtained by the officers. Being in Kingston without his parole officer's knowledge or permission, possession of marihuana, and providing marihuana to a minor are presumably all violations of his conditions of parole. These circumstances created a reasonable suspicion that defendant was concealing weapons or contraband on his person, permitting the officers to conduct a strip search prior to housing defendant (*compare People v Taylor*, 294 AD2d 825, 826-827 [2002]; *People v Martinez*, 268 AD2d 266, 267 [2000], *lv denied* 94 NY2d 950 [2000]; *Wachtler v County of Herkimer, supra* at 81-82). Defendant's attempts to categorize this search as a more intrusive body cavity search are unsupported by the record. We find his remaining arguments unpersuasive.

Cardona, P.J., Mercure, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed.