■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHAD REID, Appellant. [783 NYS2d 712]—

Mercure, J. Appeal from a judgment of the Supreme Court (Keegan, J.), rendered April 10, 2002 in Albany County, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and attempted criminal sale of a controlled substance in the third degree.

In May 2001, defendant was arrested after allegedly selling crack cocaine to a police informant in a controlled buy and then, less than two hours later and at the informant's request, agreeing to sell an additional amount of crack cocaine to the informant. At the time of his arrest, police officers recovered two pieces of crack cocaine from defendant, who had placed the drugs under his leg on the seat of his car, and $70 of the $100 that had been used during the controlled buy. Later, while defendant sat handcuffed with one leg shackled to a bench in the

police station, an officer observed him tossing a package to the floor, which was ultimately determined to contain crack cocaine.

Thereafter, defendant was indicted for the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and attempted criminal sale of a controlled substance in the third degree. Following a jury trial, defendant was convicted as charged and sentenced as a predicate felon to concurrent prison terms of 12½ to 25 years for criminal possession of a controlled substance in the third degree and 7½ to 15 years each for criminal possession of a controlled substance in the fourth degree and attempted criminal sale of a controlled substance in the third degree. Defendant appeals and we now affirm.

Defendant argues that his criminal possession convictions were not supported by legally sufficient evidence. "A person is guilty of criminal possession of a controlled substance in the third degree when he [or she] knowingly and unlawfully possesses . . . a narcotic drug with intent to sell it" (Penal Law § 220.16 [1]). In order to prove the crime of possession of a controlled substance in the fourth degree, the People must demonstrate that the defendant "knowingly and unlawfully possesse[d] . . . one or more . . . substances containing a narcotic drug . . . of an aggregate weight of one-eighth ounce or more" (Penal Law § 220.09 [1]).

Although defendant argues that the People did not present sufficient evidence at trial to prove the element of constructive possession, the record demonstrates that the People proceeded on a theory of *actual* possession and, indeed, the jury received no instructions regarding constructive possession (*cf. People v Martinez*, 83 NY2d 26, 30 [1993], *cert denied* 511 US 1137 [1994]; *People v Spencer*, 1 AD3d 709, 710 [2003]). Instead, police officers testified that they observed defendant place something, later determined to be crack cocaine, under his leg while seated in his car just prior to his arrest and toss something, also determined to be crack cocaine, onto the floor while at the police station. Upon review of this evidence in the light most favorable to the People, we conclude that a " 'valid line of reasoning and permissible inferences . . . could lead a rational person to the conclusion reached by the fact finder' " (*People v Lynch*, 95 NY2d 243, 247 [2000], quoting *People v Williams*, 84 NY2d 925, 926 [1994]; *see People v Bleakley*, 69 NY2d 490, 495 [1987]), and defendant's convictions will not be disturbed.

We further reject defendant's argument that Supreme Court abused its discretion in admitting evidence of his prior

uncharged bad act, to wit, the controlled buy that took place on the day of his arrest. Although this contention is unpreserved, if we were to reach the argument, we would not find reversal in the interest of justice warranted. The evidence was not admitted merely to prove defendant's propensity to commit the crimes charged (*see People v Rojas*, 97 NY2d 32, 36 [2001]), but to establish defendant's knowing possession of the drugs and his intent to sell them, as well as to provide necessary background material regarding the informant's transactions with defendant (*see People v Wright*, 5 AD3d 873, 875-876 [2004]; *People v Tarver*, 2 AD3d 968, 969 [2003]; *People v Dennis*, 210 AD2d 803, 805 [1994], *lv denied* 85 NY2d 937 [1995]). Moreover, the probative value of this evidence outweighed its prejudicial impact.

We have considered defendant's remaining arguments, including his contention that his sentence was excessive, and conclude that they are meritless.

Cardona, P.J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.