■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES W. WALKER, Appellant. [810 NYS2d 592]—

Kane, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered April 6, 2004 in Albany County, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the fourth degree.

Defendant was indicted for the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminal possession of a weapon in the fourth degree. He was released from jail after arraignment on a felony complaint. When he failed to appear for arraignment on the indictment, County Court issued a bench warrant. Almost one year later, defendant was located and arraigned. Following denial of his motion to suppress the drugs, a switchblade and statements he made to

police, defendant pleaded guilty to the first and third counts of the indictment, but preserved his right to appeal. Defendant then moved to withdraw his plea. Supreme Court denied the motion following a hearing, then sentenced defendant in accordance with the plea agreement. He now appeals.

County Court (Herrick, J.) correctly denied defendant's speedy trial motion. The People were required to announce trial readiness within six months of commencement of this felony case (*see* CPL 30.30 [1] [a]). Failure to do so requires dismissal of the indictment unless the People prove that they are statutorily entitled to exclude certain time periods (*see People v Chavis*, 91 NY2d 500, 505 [1998]; *People v Brown*, 23 AD3d 703, 704 [2005]). Because defendant "failed to appear when required after having previously been released on bail or on his own recognizance" and he was not in custody on another matter, the People could properly exclude the period of time from the court's issuance of a bench warrant until his appearance pursuant to that warrant (CPL 30.30 [4] [c] [ii]). Excluding that time, which amounts to almost a year, the time charged to the People is far less than six months. Thus, defendant was not deprived of his right to a speedy trial.

The police had probable cause to arrest defendant. Probable cause for arrest may consist, in whole or in part, of hearsay information, "provided it satisfies the two-part *Aguilar-Spinelli* test requiring a showing that the informant is reliable and has a basis of knowledge for the information imparted" (*People v Bell*, 5 AD3d 858, 859 [2004]). The tenant of the apartment where police executed a search warrant identified defendant, by physical appearance and street name, as the individual who was in the apartment earlier that day and sold him drugs. This established the reliability prong, because an identified person's statements against penal interest are sufficient to establish that person's veracity (*see People v Muir*, 3 AD3d 597, 598 [2004], *lv denied* 1 NY3d 631 [2004]). The tenant's personal involvement in the prior drug sale constituted his basis of knowledge concerning that crime. Moreover, the tenant's information was corroborated by a confidential informant who also identified defendant as a regular drug supplier in the building and provided a physical description. That description was confirmed by the police when defendant arrived at the apartment in response to a phone call from the informant indicating that the tenant was seeking more drugs. As the police had probable cause, they were permitted to arrest defendant without a warrant.

The police were also permitted to search defendant incident to his arrest (*see People v Tejada*, 270 AD2d 655, 657 [2000], *lv*

*denied* 95 NY2d 805 [2000]; *People v Revander*, 254 AD2d 625, 625-626 [1998], *lv denied* 92 NY2d 1053 [1999]). A strip search was appropriate because defendant was fidgety and nervous, was sweating profusely, possessed a switchblade, urinated in his clothing upon seeing the officers, and arrived at the apartment in response to a phone call indicating that the tenant wanted to buy drugs yet the police did not find any drugs during the pat-down search (*cf. People v Kelley*, 306 AD2d 699 [2003], *lv denied* 1 NY3d 598 [2004]). These circumstances made it likely that defendant may have another weapon or drugs on his person, rendering it necessary for the police to strip-search defendant for their own safety and to prevent the destruction or ingestion of evidence. Upon performing the strip search in a bedroom of the apartment, the officers saw the plastic bag containing cocaine protruding from his buttocks. Despite defendant's attempts to characterize this search as a body cavity search, the record fails to support this argument; the bag was visibly sticking out from between his buttocks, not inserted into a body cavity such as defendant's rectum (*see id.* at 699, 701; *see also People v Pierre*, 8 AD3d 904, 904 [2004], *lv denied* 3 NY3d 710 [2004]; *compare People v More*, 97 NY2d 209, 211 [2002]; *People v Williams*, 284 AD2d 564, 565-566 [2001], *lv denied* 96 NY2d 909 [2001]). Accordingly, Supreme Court properly denied defendant's motion to suppress the cocaine.

Supreme Court did not err in denying defendant's motion to withdraw his guilty plea. The decision whether to grant such a motion rests in the trial court's discretion (*see People v Zakrzewski*, 7 AD3d 881, 881 [2004]). Courts generally only permit withdrawal of a plea if there is evidence of innocence, fraud or mistake in the inducement (*see id.* at 881; *People v Davis*, 250 AD2d 939, 940 [1998]). Defendant claims that he accepted the plea agreement because defense counsel informed him that if he proceeded to trial he would definitely get 12½ to 25 years. Defense counsel testified at the hearing that he encouraged the plea and informed defendant that he was facing the maximum sentence should he proceed to trial, noting that there was a sentencing range up to the specifically noted maximum. The court weighed conflicting evidence at the hearing, discounting defendant's testimony and crediting that of defense counsel. Based on the hearing testimony and plea minutes, the court did not abuse its discretion in denying the motion.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.