THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK REED, Appellant. [825 NYS2d 600]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered January 8, 2001. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), defendant contends that the police exceeded the scope of his consent to search his vehicle when they removed screws securing the center column of the vehicle and then removed the center console, thereby revealing cocaine and a gun. That contention is unpreserved for our review (see People v Vasquez, 66 NY2d 968 [1985], cert denied 475 US 1109 [1986]) and, in any event, it lacks merit. As the Court of Appeals wrote in People v Gomez (5 NY3d 416, 420 [2005]), "[i]n the absence of other circumstances indicating that defendant authorized the actions taken by police, a general consent to search alone cannot justify a search that impairs the structural integrity of a vehicle or that results in the vehicle being returned in a materially different manner than [in which] it was found." Here, defendant gave the police a broad consent to search his "1991 Toyota." Defendant was present during the search of the vehicle and did not object to the scope of the search, nor did the search impair the structural integrity of the vehicle (cf. id. at 420-421). The record establishes that the police did not break the console in order to search beneath it and that the screws securing the center column, some of which were broken before the police removed them, were not the original screws from the factory where the vehicle was manufactured. Present—Scudder, J.P., Kehoe, Gorski, Smith and Pine, JJ.