■ The People of the State of New York, Respondent, v Jonathan Carter, Appellant. [834 NYS2d 779]—

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered June 27, 1996. The judgment convicted defendant, upon a jury verdict, of assault in the second degree and reckless endangerment in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of assault in the second degree (Penal Law § 120.05 [4]) and reckless endangerment in the first degree (§ 120.25), defendant contends that Supreme Court erred in refusing to suppress physical evidence as well as various statements made by defendant to the police. Contrary to the conten-

tion of defendant, there was probable cause to support his arrest inasmuch as the People established that the informant was reliable and had a sufficient basis of knowledge (*see People v Ketcham*, 93 NY2d 416, 420 [1999]; *see also People v Johnson*, 7 AD3d 732, 732-733 [2004]; *People v Daily*, 287 AD2d 293 [2001], *lv denied* 97 NY2d 680 [2001]; *People v Sturiale*, 262 AD2d 1003, 1004 [1999], *lv denied* 94 NY2d 830 [1999]). Therefore, the physical evidence seized from defendant's car and defendant's postarrest statements need not be suppressed as fruit of the poisonous tree. The contentions of defendant that his consent to search his vehicle was coerced and that the search exceeded the authorized scope of the consent are raised for the first time on appeal and thus are not preserved for our review (*see People v Reed*, 34 AD3d 1364 [2006]). In any event, those contentions lack merit.

By failing to object to the alleged inconsistency of the verdict before the jury was discharged, defendant failed to preserve for our review his contention that the verdict is inconsistent (*see People v Carter*, 21 AD3d 1295, 1296 [2005], *affd* 7 NY3d 875 [2006]; *People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Crisler*, 278 AD2d 887, 888 [2000], *lv denied* 96 NY2d 861 [2001]; *People v Roth*, 256 AD2d 1206, 1207 [1998]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *cf. People v Sanchez*, 128 AD2d 377, 378-380 [1987]).

Defendant likewise failed to preserve for our review his contentions that he was denied a fair trial by prosecutorial misconduct on summation (*see People v Montalvo*, 34 AD3d 600, 601 [2006]; *People v Evans*, 291 AD2d 569 [2002], *lv denied* 98 NY2d 650 [2002]), and that the court erred in instructing the jury on reasonable doubt (*see People v Giles*, 20 AD3d 863, 864 [2005], *lv denied* 5 NY3d 806 [2005]; *People v Rodriguez*, 2 AD3d 1359, 1360 [2003], *lv denied* 1 NY3d 633 [2004]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to defendant's further contention, the evidence is legally sufficient to support the conviction. Even assuming, arguendo, that one of the witnesses was an accomplice, we conclude that there is sufficient corroborative evidence in the record to support the conviction (*see People v Dexter*, 259 AD2d 952, 953 [1999], *affd* 94 NY2d 847 [1999]; *see generally People v Breland*, 83 NY2d 286, 293 [1994]). Further, the evidence is legally sufficient to establish that defendant acted with a depraved indifference to human life (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, the verdict is not

against the weight of the evidence (*see generally id.*), and the sentence is not unduly harsh or severe. Present—Gorski, J.P., Lunn, Fahey, Green and Pine, JJ.