■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE MAYE, Appellant. [840 NYS2d 490]—

Carpinello, J. Appeal from a judgment of the County Court of Warren County (Hall, J.), rendered May 10, 2006, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (two counts), criminal

possession of a controlled substance in the fifth degree, criminal use of drug paraphernalia in the second degree and promoting prison contraband in the first degree.

Based upon information supplied to police by a confidential informant, defendant was arrested without a warrant and transported to a local police station. He was then found to be in possession of cocaine, a large amount of cash and a small scale. Upon thereafter being transferred to a local correctional facility, heroin was recovered from his sock. Following unsuccessful motions to suppress all physical evidence, defendant was found guilty by a jury of various drug-related offenses, as well as promoting prison contraband in the first degree. He appeals and we now affirm.

Defendant initially argues that the police lacked probable cause to arrest him and therefore all evidence seized should have been suppressed. We are unpersuaded. There is no dispute that the warrantless arrest of defendant stemmed from information provided to police from the confidential informant that defendant was selling cocaine and heroin out of the confidential informant's own home. Testimony at the suppression hearing established that this confidential informant had proven to be reliable in at least 20 previous drug investigations (*see People v Mondolfi*, 221 AD2d 726 [1995], *lv denied* 88 NY2d 882 [1996]). Moreover, he had direct knowledge of defendant's recent drug sales because he personally observed him doing so out of his own home (*see e.g. People v Mantia*, 299 AD2d 664, 665 [2002], *lv denied* 99 NY2d 617 [2003]; *People v Smalls*, 271 AD2d 754, 755 [2000], *lv denied* 95 NY2d 804 [2000]; *People v Williams*, 243 AD2d 761, 762 [1997]; *People v Mondolfi, supra*; *see generally People v Bigelow*, 66 NY2d 417, 423 [1985]). Under these circumstances, the two-pronged *Aguilar-Spinelli* test—basis of knowledge and reliability (*see People v Johnson*, 66 NY2d 398, 402 [1985]; *People v Rodriguez*, 52 NY2d 483, 489 [1981])—was satisfied and defendant's motion to suppress on this ground was properly denied.

We are also unpersuaded that drugs retrieved from defendant's body following a strip search inside the police station should have been suppressed. Evidence at the suppression hearing established that, pursuant to a prearranged plan, the confidential informant and defendant were driving to a fictitious drug sale when their vehicle was pulled over by police. While a pat-down search at the scene produced no drugs, the police were thereafter informed by the confidential informant that defendant had put them down his pants upon seeing the police car behind them. Thus, while at the police station, defen-

dant was taken to a private room where his pants and underwear were removed. At this time, a plastic bag containing a white substance, later determined to be cocaine, was immediately and readily observed between the cheeks of his buttocks. Based on this evidence, we find that the search inside a private room at the police station was conducted in a reasonable manner (*cf. People v More*, 97 NY2d 209 [2002]; *People v Mitchell*, 2 AD3d 145 [2003]) and was justified by a reasonable suspicion that defendant possessed drugs (*see People v Banks*, 38 AD3d 938, 940 [2007]; *People v Walker*, 27 AD3d 899, 900-901 [2006], *lv denied* 7 NY3d 764 [2006]; *People v Pierre*, 8 AD3d 904, 906 [2004], *lv denied* 3 NY3d 710 [2004]; *see generally People v Kelley*, 306 AD2d 699, 700-701 [2003], *lv denied* 1 NY3d 598 [2004]). Consequently, County Court properly denied defendant's motion to suppress the cocaine.

We further reject defendant's argument that County Court abused its discretion in admitting evidence of his prior uncharged bad acts, namely, drug sales out of the confidential informant's home shortly before his arrest. This evidence was relevant to establish defendant's intent to sell (an element of certain of the charged crimes), which was indeed placed at issue (*see People v Wright*, 5 AD3d 873, 875-876 [2004], *lv denied* 3 NY3d 651 [2004]), as well as to provide necessary background information regarding the informant's role in the investigation (*see People v Reid*, 12 AD3d 719, 720-721 [2004], *lv denied* 4 NY3d 767 [2005]). We further find that its probative value outweighed its prejudicial impact (*see People v Alvino*, 71 NY2d 233, 242 [1987]) and note that County Court gave sufficient cautionary instructions on the limited purpose for which it was to be considered (*see People v Buckery*, 20 AD3d 821, 823-824 [2005], *lv denied* 5 NY3d 826 [2005]).

Defendant's remaining contentions, including his argument that all sentences should have run concurrently, have been reviewed and determined to be without merit.

Crew III, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.