THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY J. LOWMAN, Appellant. [856 NYS2d 342]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]). Defendant failed to preserve for our

review his contentions that the search warrant authorizing a search of his person was defective because it did not specifically authorize a body cavity search and that the manner in which the search was conducted was unreasonable (*see generally People v Martin*, 50 NY2d 1029, 1031 [1980]; *People v Tutt*, 38 NY2d 1011, 1012-1013 [1976]). In any event, those contentions are without merit.

Contrary to the contention of defendant, the search of his person constituted a strip search and visual body cavity search rather than a full body cavity search (*see People v Walker*, 27 AD3d 899, 901 [2006], *lv denied* 7 NY3d 764 [2006]). A strip search of a defendant is justified if the police have " 'a reasonable suspicion that the arrestee is concealing weapons or other contraband based on the crime charged, the particular characteristics of the arrestee, and/or the circumstances of the arrest' " (*People v Kelley*, 306 AD2d 699, 700 [2003], *lv denied* 1 NY3d 598 [2004], quoting *Weber v Dell*, 804 F2d 796, 802 [1986], *cert denied* 483 US 1020 [1987]; *see People v Maye*, 43 AD3d 556, 558 [2007]; *People v Taylor*, 294 AD2d 825, 827 [2002]). Here, the police had reasonable suspicion to justify the strip search and visual body cavity search of defendant based on a confidential informant's statement to the police that defendant possessed "a substantial amount of crack cocaine" (*see Walker*, 27 AD3d at 901; *Taylor*, 294 AD2d at 827), along with the fact that no drugs were discovered when the police conducted a pat-down search of defendant. The visual body cavity search was conducted in a reasonable manner, i.e., in a holding cell after defendant had removed his clothing and the police had observed a substantial portion of the plastic bag containing crack cocaine hanging outside defendant's rectum (*see Maye*, 43 AD3d at 558).

We reject defendant's further contention that County Court erred in its *Molineux* ruling. Evidence of the prior uncharged drug sale witnessed by the confidential informant shortly before defendant's arrest was admissible with respect to the issue of defendant's intent to sell drugs (*see Maye*, 43 AD3d at 558; *People v Williams*, 21 AD3d 1401, 1402-1403 [2005], *lv denied* 5 NY3d 885 [2005]; *People v Blunt*, 280 AD2d 956, 957 [2001], *lv denied* 96 NY2d 826 [2001]), as was the evidence that defendant possessed $325 at the time of his arrest (*see People v Mosby*, 237 AD2d 990 [1997], *lv denied* 90 NY2d 861 [1997]; *People v Gadsden*, 192 AD2d 1103 [1993], *lv denied* 82 NY2d 718 [1993]). We agree with the contention of defendant in his pro se supplemental brief that he was under arrest when he was stopped, handcuffed, placed in a police car, transported to the police station and handcuffed to a ring attached to a wall while

the police obtained a search warrant authorizing a search of his person (*see People v Walker*, 244 AD2d 796, 797 [1997]; *People v Quarles*, 187 AD2d 200, 203 [1993], *lv denied* 81 NY2d 1018 [1993]). We reject his contention, however, that the police lacked probable cause to arrest him, inasmuch as the People established that the confidential informant was reliable and had a sufficient basis of knowledge (*see Maye*, 43 AD3d at 557; *People v Carter*, 39 AD3d 1226, 1226-1227 [2007], *lv denied* 9 NY3d 863 [2007]; *People v Singletary*, 275 AD2d 947 [2000], *lv denied* 96 NY2d 739 [2001]). Thus, the court properly refused to suppress the physical evidence seized from defendant's person (*see Maye*, 43 AD3d at 557; *Carter*, 39 AD3d at 1227). Present—Martoche, J.P., Lunn, Fahey, Peradotto and Pine, JJ.