(July 22, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IJAL SUDLER, Appellant. [906 NYS2d 373]—

Garry, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered February 15, 2008, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the fourth degree and criminally using drug paraphernalia in the second degree.

In November 2006, after receiving tips from two informants that defendant was in the area with drugs, the City of Albany Police Department carried out surveillance of defendant's vehicle and an apartment in the City of Albany out of which he was believed to be working. Police also conducted a "rip operation" in which they listened while an informant used a cellular telephone to arrange a crack cocaine purchase from defendant.

Police stopped the vehicle while the drugs were allegedly being delivered and arrested the driver and sole occupant, Boshaun Gregory, who was found with narcotics on his person. Defendant was arrested when he arrived at the scene. Narcotics and drug paraphernalia were found in the apartment during a search conducted pursuant to a warrant.

Defendant was indicted on three counts of criminal possession of a controlled substance in the third degree and one count each of criminal possession of a controlled substance in the fourth degree, criminal possession of marihuana, and criminally using drug paraphernalia in the second degree. After his motion to suppress physical evidence was denied, defendant fled. He was tried in absentia by a jury and, at the close of all proof, the People withdrew the charge of criminal possession of marihuana. Defendant was convicted on the remaining counts. He appeared for sentencing and was sentenced as a predicate violent felony offender to an aggregate prison sentence of 30 years, to be followed by three years of postrelease supervision. Defendant appeals.

County Court properly denied defendant's motion to suppress physical evidence. His arrest did not lack probable cause, which " 'exists when an officer has knowledge of facts and circumstances sufficient to support a reasonable belief that an offense has been or is being committed' " (*People v Bell*, 5 AD3d 858, 859 [2004], quoting *People v Maldonado*, 86 NY2d 631, 635 [1995] [internal quotation marks and citation omitted]). Probable cause for an arrest may be based, in whole or in part, on hearsay information satisfying the two-part *Aguilar-Spinelli* test, which requires "a showing that the informant is reliable and has a basis of knowledge for the information imparted" (*People v Bell*, 5 AD3d at 859; *see People v Johnson*, 66 NY2d 398, 402 [1985]). An arresting officer may rely on information obtained from a fellow officer so long as "the police as a whole were in possession of information sufficient to constitute probable cause to make the arrest" (*People v Ramirez-Portoreal*, 88 NY2d 99, 113 [1996] [internal quotation marks and citation omitted]; *see People v Bell*, 5 AD3d at 859).

At the suppression hearing, Detective Ricky Vincent testified that he was told that defendant was in the Albany area with drugs by an anonymous informant who had previously provided a fellow officer with information about defendant's alleged drug dealings, including his street name ("G"), his cellular telephone number, and the make, model and license plate number of his vehicle. Later that same day, another informant (hereinafter the second informant) told Vincent that "G" was providing her

with drugs, was working out of a certain Albany apartment, and sometimes used a person named Gregory to make deals. The second informant also provided Vincent with vehicle and telephone information for defendant corresponding with the information previously provided by the anonymous informant.

Vincent testified that he sent several detectives to monitor the Albany apartment, where a vehicle matching the informants' description was spotted. Police simultaneously mounted the rip operation, in the course of which Vincent listened as the second informant called defendant's purported cellular telephone number and arranged to have Gregory deliver crack cocaine to her home after completing an errand. After this call was placed, officers watched defendant's vehicle being driven away from the apartment. Gregory emerged briefly to carry out an errand and then drove the vehicle onto the second informant's street, where police officers pulled it over and arrested him, recovering drugs and drug paraphernalia from his person. At the instruction of police, Gregory and the second informant each telephoned defendant, and Vincent overheard defendant state that he was waiting for a taxi to bring him to the vehicle. Meanwhile, officers watching the apartment building saw defendant outside, speaking on the telephone and entering a taxi. He arrived at the arrest scene in the same taxi, identified himself, and was arrested.

These events were sufficient to establish probable cause for defendant's arrest. The second informant's basis of knowledge was established by her prior dealings with defendant and by her personal involvement in the rip operation (*see People v Walker*, 27 AD3d 899, 900 [2006], *lv denied* 7 NY3d 764 [2006]). The reliability of the information provided was established by its correspondence with the information previously obtained from the other informant and also by the direct observations of the police officers engaged in the surveillance and rip operation (*see People v DiFalco*, 80 NY2d 693, 696-697 [1993]; *People v Smalls*, 271 AD2d 754, 754-755 [2000], *lv denied* 95 NY2d 804 [2000]). Finally, the arresting officer had probable cause for defendant's warrantless arrest consisting of the information provided to him by radio from the other officers who were participating in the surveillance and rip operation (*see People v Bell*, 5 AD3d at 859).

County Court properly determined that defendant did not show a legitimate expectation of privacy in the Albany apartment and therefore lacked standing to contest the application for a search warrant (*see People v Rodriguez*, 69 NY2d 159, 162 [1987]; *People v Howard*, 213 AD2d 903, 904 [1995], *lv denied*

85 NY2d 974 [1995]). When defendant was arrested, he told police that he resided in Brooklyn, at the same street address where his vehicle was registered. The lessee of the Albany apartment told police that defendant had a key, stayed there from time to time, and kept clothing there, but keys that police took from defendant did not unlock the apartment door. Thus, defendant did not meet his burden to establish that he had taken precautions to maintain the Albany apartment's privacy, that he had the right to exclude others from the premises, or otherwise had a reasonable expectation of privacy there (*see People v Rodriguez*, 69 NY2d at 162-163). In any event, the search warrant application was supported by probable cause (*see People v Mabeus*, 63 AD3d 1447, 1450 [2009]). Finally, in light of the officers' direct observations and the information obtained via the phone conversations with defendant, no *Darden* hearing was required (*see People v Farrow*, 98 NY2d 629, 630-631 [2002]).

Defendant's claim that the witness testimony was incredible as a matter of law, thereby rendering the evidence legally insufficient to support his convictions, is unpreserved for appellate review. His general motion for a trial order of dismissal at the close of proof (*see* CPL 290.10) was ineffective to preserve this claim because it was not "specifically directed at the alleged error" (*People v Gray*, 86 NY2d 10, 19 [1995] [internal quotation marks omitted]). Moreover, defendant's posttrial motion to set aside the verdict on the insufficiency ground was properly denied. Such a motion may be granted only for issues of law that "would require a reversal or modification of the judgment as a matter of law by an appellate court" (CPL 330.30 [1]), and "[u]nder this statutory standard, an insufficiency argument may not be addressed unless it has been properly preserved for review during the trial" (*People v Hines*, 97 NY2d 56, 61 [2001]; *see People v Thomas*, 38 AD3d 1134, 1136 [2007], *lv denied* 9 NY3d 852 [2007]).

Next, defendant asserts that his motion pursuant to CPL 330.30 should have been granted on the ground that testimony regarding uncharged crimes was improperly admitted. In this regard, Vincent testified at trial that he began investigating defendant after arresting the second informant and learning that she had purchased crack cocaine from him. Defendant contends that his motion for a mistrial based on this testimony should have been granted since this uncharged crime was not part of the People's pretrial *Molineaux* application. We agree with County Court that the testimony was "inextricably interwoven with the charged crimes" (*People v Tarver*, 2 AD3d 968, 969

[2003]). The evidence in question demonstrated how defendant became the target of the investigation and provided important background information regarding the second informant's prior transactions with him and role in the investigation; it was admitted for these purposes rather than to prove defendant's criminal propensities. Moreover, the evidence was probative of intent to sell, an element of the charged crimes that had been placed in issue by defendant. Thus, the evidence was more probative than prejudicial (*see People v Maye*, 43 AD3d 556, 558 [2007], *mod* 12 NY3d 731 [2009]; *People v Reid*, 12 AD3d 719, 720-721 [2004], *lv denied* 4 NY3d 767 [2005]). Further, the court provided appropriate limiting instructions after Vincent's testimony and other testimony that suggested prior uncharged crimes (*see People v Maye*, 43 AD3d at 558; *People v Buckery*, 20 AD3d 821, 823-824 [2005], *lv denied* 5 NY3d 826 [2005]).

Defendant failed to preserve his claim that he was deprived of a fair trial by alleged improprieties in Vincent's testimony, the jury instructions, and the People's summation, having failed to object on these grounds during the trial (*see* CPL 470.05; *People v Gray*, 86 NY2d at 19; *People v Adamek*, 69 AD3d 979, 979-980 [2010], *lv denied* 14 NY3d 797 [2010]). Nor do we find that counsel's failure to object on these three grounds constituted ineffective assistance, depriving defendant of "meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]; *see e.g. People v Gentry*, 73 AD3d 1383, 1384 [2010]).

First, Vincent's testimony that plastic bags found in the apartment were of a type typically used to package drugs for sale and that the circumstances indicated that the drugs found by police were packaged with the intent to sell were matters not within the knowledge and experience of the average juror. In these circumstances, qualified police officers may testify as experts (*see People v Hicks*, 2 NY3d 750, 751 [2004]; *People v Davis*, 235 AD2d 941, 943 [1997], *lv denied* 89 NY2d 1010 [1997]), no explicit declaration that Vincent was testifying as an expert was required (*see People v Lamont*, 21 AD3d 1129, 1132 [2005], *lv denied* 6 NY3d 835 [2006]), and his testimony as to his education, training, and experience in narcotics cases provided a sufficient foundation (*see id.*). Next, although County Court's instruction that the purpose of summations was for the attorneys to suggest certain inferences and conclusions which "in their opinion" could properly be drawn from the evidence suggests error when viewed in isolation (*see e.g. People v Russell*, 307 AD3d 385, 386 [2003]), it is readily apparent when read in context that the court did no more than instruct that each side would be presenting its theory of the case (*see People v Drake*, 7

NY3d 28, 33-34 [2006]). We find that, read as a whole, the charge "fairly instructed the jury on the correct principles of law to be applied to the case" (*People v Ladd*, 89 NY2d 893, 896 [1996]). Finally, the prosecutor's use of the word "I" during summation "was merely stylistic and not an impermissible expression of personal opinion" (*People v Lamont*, 21 AD3d at 1131-1132). The prosecutor's further comments were neither so egregious nor pervasive as to deprive defendant of a fair trial (*see People v Guay*, 72 AD3d 1201, 1203-1204 [2010]; *People v Hunt*, 39 AD3d 961, 963 [2007], *lv denied* 9 NY3d 845 [2007]). Thus, defendant did not establish that his attorney, who made appropriate pretrial motions, pursued a cogent theory of the case, engaged in vigorous cross-examination, and otherwise provided zealous advocacy, failed to provide him with meaningful representation (*see People v Madison*, 31 AD3d 974, 975 [2006], *lv denied* 7 NY3d 868 [2006]).

Finally, we disagree with defendant that his sentence is harsh and excessive and that no consecutive terms should have been imposed. County Court appropriately took into consideration defendant's disregard for and obstruction of the judicial process as demonstrated by his flight from prosecution, while noting that for purposes of sentencing, it would not take into consideration certain actions he allegedly took as a fugitive. In view of the separate and distinct crimes of which defendant was convicted, his flight, prior felony, and complete failure to express remorse or accept responsibility for his actions, we find no abuse of discretion and no extraordinary circumstances that warrant reduction of the sentence (*see People v McDonald*, 43 AD3d 1207, 1207 [2007], *lv denied* 10 NY3d 867 [2008]; *People v Davis*, 4 AD3d 567, 568 [2004], *lv denied* 2 NY3d 798 [2004]).

Rose, J.P., Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.