11-4636-cv
Maye v. State of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

    At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand thirteen.

Present:    AMALYA L. KEARSE,
            ROBERT A. KATZMANN,
            CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

_____

TYRONE MAYE,

                    *Plaintiff-Appellant*,


                    - v -                        11-4636-cv

STATE OF NEW YORK, JOSEPH W. BETHEL, in his official capacity, PAUL R. FRETTOLOSO, Detective Sergeant, shield number 052, serial number 3321, in his official and individual capacity, LLOYD SCHWARTZ, Detective, serial and shield number unknown, in his official and individual capacity, SCOTT ADAMS, Drug Enforcement Agency Agent, A/Group Supervisor, in his official and individual capacity, ANDY PETERSON, Drug Enforcement Agency Agent, badge number unknown, in his official and individual capacity, KEVIN W. CONINE, Detective, serial number 1590, shield # unknown, in his official and individual capacity, HAROLD MORRISON, Detective, shield and serial number unknown, in his official and individual capacity, BRIAN D. CERNAK, Drug Enforcement Agency Agent, badge number unknown, in his official and individual capacity, JEFF SAUDER, Drug Enforcement Agency Agent, badge number unknown, in his official and individual capacity,

NATHAN H. YORK, in his official capacity, AKA Bud, STEVEN STOCKDALE, Correctional Officer, shield number unknown, in his official and individual capacity, MICHAEL S. HARPP, Correctional Officer, shield number unknown, in his official and individual capacity, ALISON, Correction Officer, shield number unknown, in his official and individual capacity, RUSSELL E. LAIL, JR., Investigator, shield number 209, in his official and individual capacity, KATHLEEN B. HOGAN, Esq., in her official capacity, JASON M. CARUSONE, Assistant District Attorney, in his official and individual capacity, JEFFREY L. FERGUSON, Esq., Assistant District Attorney, in his official and individual capacity, ERIC C. SCHWENKER, Esq., Assistant District Attorney, in his official and individual capacity, EMILEE B. DAVENPORT, Assistant District Attorney, in her official and individual capacity, JOHN P.M. WAPPETT, Esq., Public Defender's Office, in his official and individual capacity, HABSHI, Police Officer, Serial number 4155, shield number unknown, in his official and individual capacity,

*Defendants-Appellees.*

---

For Plaintiff-Appellant:     TYRONE MAYE, *pro se*, Houston, TX.

For Defendants-Appellees:     Zainab Chaudhry, Assistant Solicitor General, New York State Office of the Attorney General, Albany, N.Y., *for Defendant-Appellee the State of New York*; Paula Ryan Conan, Assistant United States Attorney, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, N.Y., *for Defendants-Appellees Scott Adams, Andy Peterson, Brian D. Cernak, and Jeff Sauder*; William A. Scott, Fitzgerald Morris Baker & Firth P.C., Glens Falls, N.Y., *for Defendants-Appellees Nathan H. York, Steven Stockdale, Michael S. Harpp, Alison, Russell E. Lail, Kathleen B. Hogan, Jason M. Carusone, Jeffrey L. Ferguson, Emilee B. Davenport, and John P.M. Wappett;* Daniel J. Stewart, Brennan, White, LLP, Queensbury, N.Y., *for Defendant-Appellee Eric C. Schwenker.*

Appeal from the United States District Court for the Northern District of New York (Sharpe, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

2

Plaintiff-Appellant Tyrone Maye, proceeding *pro se*, appeals from a September 29, 2011, Memorandum-Decision and Order of the United States District Court for the Northern District of New York (Sharpe, *J.*) dismissing his amended complaint for failure to state a claim upon which relief may be granted. In his amended complaint, Maye asserted numerous claims against the State of New York and various law enforcement officers, administrators, and attorneys pursuant to 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

Reviewing the district court's decision *de novo*, we conclude that the court correctly granted the motions to dismiss made by the district attorney and assistant district attorneys who prosecuted Maye. "[A]bsolute immunity protects a prosecutor from § 1983 liability for virtually all acts, regardless of motivation, associated with his function as an advocate." *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994). "[T]he immunity attaches to [the prosecutor's] function, not to the manner in which he performed it." *Id.* (quoting *Barrett v. United States*, 798 F.2d 565, 573 (2d Cir. 1986)). Here, Maye alleges acts associated with the defendants' prosecutorial role. His claims against these defendants are consequently barred by absolute immunity.

The district court also correctly dismissed Maye's claims against his public defender. Public defenders acting in their role as advocates are not amenable to suit under § 1983, *see Polk County v. Dodson*, 454 U.S. 312, 318-25 (1981), and any state law legal malpractice claims are barred by New York's three-year statute of limitations, *see* N.Y. C.P.L.R. § 214(6).

Finally, the district court correctly concluded that Maye's false imprisonment claims against Drug Enforcement Agency agents and certain corrections officers accrued, at the latest, at his arraignment in September 2005, *see Wallace v. Kato*, 549 U.S. 384, 397 (2007), and that

3

these claims, first brought in October 2010, were therefore untimely. Maye's false imprisonment claims, as well as any malicious prosecution claims that Maye has alleged, additionally fail because there was probable cause for his arrest and pre-arraignment detention. "[I]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness." *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000) (citation and internal quotation marks omitted). Here, probable cause supported Maye's arrest because a reliable confidential informant had indicated to law enforcement that Maye was selling cocaine and heroin out of the informant's home. *People v. Maye*, 43 A.D.3d 556, 557 (3rd Dep't 2007), *rev'd on other grounds*, 12 N.Y.3d 731, 731-32 (2009). A meritorious claim for false arrest or imprisonment or for malicious prosecution requires the absence of probable cause. *See, e.g., Torraco v. Port Authority of N.Y.,* 615 F.3d 129, 139 (2d Cir. 2010) (false arrest); *Rothstein v. Carriere*, 373 F.3d 275, 282 (2d Cir. 2004) (malicious prosecution). Consequently, Maye's claims were properly dismissed.

We have considered all of Maye's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED.**
.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4