People v Wernle (2024 NY Slip Op 03988)

People v Wernle

2024 NY Slip Op 03988

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND NOWAK, JJ.

470 KA 23-00709

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER J. WERNLE, DEFENDANT-APPELLANT. 

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
TODD J. CASELLA, SPECIAL PROSECUTOR, PENN YAN, FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered June 14, 2022. The judgment convicted defendant upon a jury verdict of murder in the second degree and tampering with physical evidence. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and tampering with physical evidence (§ 215.40 [2]) arising from his conduct in bludgeoning the victim to death. The victim was reported missing, and the victim's cell phone "pinged" to an area near defendant's home. The police found the victim's abandoned car nearby and conducted a grid search of the area the following morning. Defendant allowed the police to search his property, where they discovered the victim's body underneath the porch of defendant's home.
We reject defendant's contention that the search by the police underneath his porch exceeded the scope of the consent given by him. The police captain who testified at the suppression hearing described defendant as "overly helpful" when the captain asked if the police could come onto his property and search. Throughout the encounter, the captain asked defendant if the police could search the garage, around the property, inside the garbage totes, around the garbage area, and underneath the porch, all of which defendant agreed to either explicitly or implicitly. The police officer who found the victim's body testified that he heard defendant consent to "anything [they] needed." We therefore agree with Supreme Court that the police did not exceed the scope of the consent defendant had given to search when they looked underneath the porch (see People v Reed, 34 AD3d 1364, 1365 [4th Dept 2006], lv denied 8 NY3d 884 [2007]; cf. People v Hall, 35 AD3d 1171, 1171 [4th Dept 2006], lv denied 8 NY3d 923 [2007]; see generally People v Gomez, 5 NY3d 416, 420 [2005]). Based on defendant's verbal responses, his nonverbal conduct, and his overall willingness to help the police, a " 'typical reasonable person [would] have understood by the exchange between the officer and [defendant]' " that he was giving the police general consent to search his property (Gomez, 5 NY3d at 419).
Defendant further contends that he was denied his constitutional right to present a defense inasmuch as he was precluded from introducing evidence as to possible sources, other than defendant, from which the jailhouse informant could have learned the details about the crime. We reject that contention. The court did not abuse its discretion in excluding certain testimony that was not relevant to the issue (see People v Nwajei, 151 AD3d 1963, 1963 [4th Dept 2017], lv denied 29 NY3d 1131 [2017]; People v Herring, 101 AD3d 1151, 1152 [2d Dept 2012], lv denied 21 NY3d 943 [2013]) and certain other testimony, even if relevant, was not "so critical that [its] exclusion deprived defendant of due process" (People v Hayes, 17 NY3d 46, 54 [2011], cert denied 565 US 1095 [2011]). In any event, any error is harmless inasmuch as the evidence against defendant is overwhelming and there is no reasonable possibility that any error in precluding certain evidence might have contributed to the conviction (see People v Coggins, 198 [*2]AD3d 1297, 1300 [4th Dept 2021], lv denied 38 NY3d 1032 [2022]; see generally People v Crimmins, 36 NY2d 230, 237 [1975]).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court